IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ALLAN L. HAGSTROM,<br><br>                Plaintiff,<br><br>vs.<br><br>STEVE HURD, and MONTANA BOARD OF PARDONS AND PAROLE,<br><br>                Defendants. | CV 25–54–H–BMM<br><br><br>ORDER |

Plaintiff Allan L. Hagstrom has filed a civil rights complaint under 42 U.S.C. § 1983, related to his Montana state parole hearing. (Doc. 2.) After screening, pursuant to 28 U.S.C. §§ 1915 and 1915A, the Complaint is dismissed.

## I.    STATEMENT OF THE CASE

### A.    Parties

The plaintiff, Allan L. Hagstrom, proceeding pro se, is an inmate at the Montana State Prison in Deer Lodge, Montana. (Doc. 2 at 2.) Hagstrom names as defendants Montana Pardons and Parole Board Chairman Steven K. Hurd, and the Montana Board of Pardons and Parole itself. (*Id.* at 2.)

1

### B. Allegations

Hagstrom asserts two claims, a due process violation, and cruel and unusual punishment. (Doc. 2 at 3.) Hagstrom had a parole hearing on April 16, 2025. (Doc. 2 at 4.) The Board of Pardons and Parole recommended Hagstrom for a treatment program at Montana State Prison. Hagstrom was not endorsed for the treatment program in a way that would ensure his completion before his next appearance at the Board of Pardons and Parole. Hagstrom contends that he has been denied for other programming because of his inability to complete the treatment program. Hagstrom asserts that his inability to complete the treatment "puts [him] at risk to be violated before [he] can be released on probation." (Doc. 2 at 5.)

Hagstrom seeks injunctive relief in the form of an order to the Board of Pardons and Parole to amend his disposition to "reappearance upon completion" of the treatment program, so he has a better chance of doing treatment before discharge. (Doc. 1 at 13.)

## II. SCREENING

### A. Standard

A complaint of an inmate proceeding against a governmental defendant must be reviewed under 28 U.S.C. § 1915A. A court must dismiss such a complaint before the complaint is served if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Kirn*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To proceed on the merits, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). Pro se pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017) ("We construe all facts in the light most favorable to the plaintiff, and we construe a pro se complaint liberally."); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Liberal interpretation cannot supply the

essential elements of a claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## B. Analysis

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted).

As an initial matter, Hagstrom has named the Board of Pardons and Parole itself as a defendant, as a "state agency." (Doc. 2 at 2.) The Board of Pardons and Parole is not a person capable of acting under state law, and, therefore, not a proper defendant on Hagstrom's § 1983 claims. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-268 (1997). If the Board of Pardons and Parole is construed as comprised of the individual board members, other than Defendant Hurd, those members are also immune as described below. Hagstrom fails to state a claim against the Board of Pardons and Parole.

1. Immunity

Defendant Hurd has absolute immunity for his actions in reviewing and deciding on Hagstrom's parole. "[P]arole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications." *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981); *see also Bermudez v. Duenas,* 936 F.2d 1064, 1066 (9th Cir. 1991); *Brown v. California Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). This immunity applies to all adjudicatory tasks:

> [P]arole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole. The daily task of both judges and parole board officials is the adjudication of specific cases or controversies. Their duty is often the same: to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake. They face the same risk of constant unfounded suits by those disappointed by the parole board's decisions.

*Sellars*, at 1303.

This immunity is not without its negative implications in specific cases, where a parole board member may make a poorly reasoned, biased, or otherwise objectionable decision:

> To be sure, absolute immunity for parole board officials does leave the genuinely wronged prisoner without civil redress against the official whose malicious or dishonest actions deprive the prisoner of liberty. But qualifying that immunity would disserve the broader public interest.

*Id*. Nonetheless, on balance, the value of the immunity for parole boards serves a greater purpose, as "better to leave unredressed the wrongs done by dishonest

5

officers than to subject those who try to do their duty to the constant dread of retaliation." *Sellars*, at 1303 (internal citation omitted). That result may seem harsh, but just as a person cannot sue a judge for ruling against him, nor can a person sue a parole board member for ruling against him. And the due process and other constitutional protections for an inmate are generally much less when it comes to parole proceedings than are afforded a defendant in a criminal proceeding. Hagstrom cannot state a claim against Hurd for Hurd's decisions regarding Hagstrom's parole.

    2. Due Process

Even if the defendants were not immune, Hagstrom fails to state a claim regarding his parole decision. Hagstrom couches his claims as due process and cruel and unusual punishment claims. Due process in relation to parole, under federal law, requires no more than an opportunity to be heard and notification of the parole board's reasons for denying parole. *Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991). Montana inmates who committed offenses after 1989, like Hagstrom, have no liberty interest in parole under state law that would give rise to a due process claim. *Worden v. Montana Bd. of Pardons & Parole*, 1998 MT 168, ¶ 42. Accordingly, Hagstrom is not entitled, under federal law, to greater process than he received, which was a hearing and a notification of the Board's reasoning. The Court takes judicial notice of the disposition of Hagstrom's hearing, publicly

available on the Montana Board of Pardons and Parole website, bopp.mt.gov/Dispositions.

As to Hagstrom's claim of cruel and unusual punishment, he has alleged no facts that would show any kind of punishment greater than what was already contemplated by Hagstrom's legal sentence. Hagstrom fails to state a claim under the Eighth Amendment.

## III. CONCLUSION

Hagstrom's claims are barred by absolute immunity and are without basis in law. Thus, Hagstrom's Complaint must be dismissed, for failure to state a claim upon which relief can be granted.

Accordingly, IT IS ORDERED:

1. Hagstrom's Complaint is DISMISSED. The Clerk is directed to close this action and enter judgment.

2. The Clerk of Court shall have the docket reflect that the Court certifies appeal would not be taken in good faith. The dismissal of this suit counts as a strike against Hagstrom within the meaning of 28 U.S.C. § 1915.

DATED this 21 day of August 2025.

_____

Brian Morris, Chief District Judge
United States District Courts

8